# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MARCH SESSION, 1999

FILED

May 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STEVE TURNAGE, | ) | C.C.A. NO. 02C01-9803-CR-00074 |
| | ) | |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| V. | ) | |
| | ) | HON. CAROLYN WADE |
| | ) | BLACKETT, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:                FOR THE APPELLEE:

**ROBERT B. GAIA**
Suite 3201-100 N. Main Building
Memphis, TN  38103

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH T. RYAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**JOHN W. PIEROTTI**
District Attorney General

**MICHAEL LEAVITT**
Assistant District Attorney General
Criminal Justice Center, Suite 301
201 Poplar Avenue
Memphis, TN  38103

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

THOMAS T. WOODALL, JUDGE

# <u>ORDER</u>

In this case, the Petitioner, Steve Turnage, appeals from the trial court's dismissal of his petition for post-conviction relief following an evidentiary hearing.

Originally charged with one (1) count of premeditated first degree murder, one (1) count of felony murder, and one (1) count of attempted aggravated robbery, Petitioner pled guilty to felony murder and attempted aggravated robbery and received sentences of life imprisonment with possibility of parole and six (6) years, respectively, to be served concurrent with each other.

Petitioner timely filed a petition for post-conviction relief. In the petition and on appeal, he argues that he received the ineffective assistance of counsel and that his guilty pleas were involuntary. Regarding the issue of voluntariness of the guilty pleas, Petitioner says that he did not understand the explanation by the trial court of his right against self-incrimination, and that his mother was not allowed to discuss with him whether or not he should plead guilty. Petitioner was a juvenile at the time of the offense and the guilty plea and had been transferred to criminal court to be tried as an adult.

Trial counsel testified during the evidentiary hearing. His testimony was contrary in all material points to the testimony of Petitioner and Petitioner's mother. In a detailed memorandum of findings of fact and conclusions of law, the trial court dismissed the petition for post-conviction relief. The trial court made findings of fact contrary to Petitioner's allegations on both issues. The trial court concluded that Petitioner had not proven the facts alleged by clear and convincing evidence. We

have carefully reviewed the record, and the evidence does not preponderate against the findings of the trial court.

The judgment dismissing the petition for post-conviction relief was rendered by the trial court without a jury, the judgment is not a determination of guilt, and the evidence does not preponderate against the finding of the trial court. There is no error of law apparent on the record which would require a reversal of the judgment of the trial court.

It is, accordingly, ordered that the judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
JOSEPH M. TIPTON, Judge